IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ANNETTE M. WRIGHT,<br><br>                Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration;<br><br>                Defendant. | 4:14CV3015<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the court on plaintiff's motion for attorney fees in the amount of $3,796.12 under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Filing No. 23. The defendant does not object to this award. Filing No. 24.

      The EAJA provides for attorney fees if: "(1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *United States S.E.C. v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004) (quoting 28 U.S.C. § 2412(d)(1)(A)-(2)(B)). The fees awarded must be reasonable. A reasonable fee under 28 U.S.C. § 2412 does not exceed "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(D)(2)(A)(ii).

      Furthermore, for a successful Social Security claimant to collect attorney fees, the Commissioner's position must lack substantial justification. Substantial justification occurs when the Commissioner's position has a clearly reasonable basis in law and fact. The Commissioner bears the burden of proving that her position is substantially

justified.  *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005).  In this instance, the Commissioner does not argue that her position was substantially justified.

The court finds that the plaintiff is entitled to attorney fees under the EAJA.  The plaintiff is the prevailing party.  Additionally, the plaintiff's net worth did not exceed $2,000,000 at the time the civil action was filed.  Filing No. 23-1, Exhibit 4.  The plaintiff requests attorney's fees totaling $3,796.12 for 19.9 hours of work.  The hourly rate requested ranges from $187.78 to $191.31 based on the months the attorney worked on this case for the plaintiff.  The plaintiff has explained how the change in the cost of living since 1996 has increased from $125 to approximately $190.76.  Filing No. 23-1, Exhibit 1.  The court finds that the increase in cost of living justifies a fee higher than $125 an hour and that the rates requested by the plaintiff are reasonable.

The plaintiff requests that the attorney fees be paid directly to her attorney.  Filing No. 23.  This is permissible, however the award can be offset to satisfy debts the plaintiff owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (explaining how a plaintiff's debts to the federal government can be taken out of the award of attorney's fees under 28 U.S.C. § 2412 if no exception applies).  The court finds that the award of attorney fees are to be paid directly to the plaintiff's counsel unless otherwise offset by federal debts.

THEREFORE, IT IS ORDERED that:

1. The plaintiff's motion for attorney fees, Filing No. 23, is granted.

2. Pursuant to the Equal Access to Justice Act, attorney fees in the amount of $3,796.12 are to be paid directly to the plaintiff's attorney, less any offset to satisfy a pre-existing debt to the United States.

3.  A separate judgment shall be entered in conjunction with this Memorandum and Order.

Dated this 10th day of August, 2015

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge